**ROBERT W. RUBINSTEIN (5154)**
**THE RUBINSTEIN LAW FIRM, L.L.C.**
10 Rutgers Place
Trenton, New Jersey 08618
(609) 392-7600
Attorneys for plaintiff

| | |
|---|---|
| **Christopher Van Vorst,** | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| **Plaintiff,** | Civil Action No. |
| vs. | *CIVIL ACTION* |
| **New Jersey State Police, New Jersey State Police Trooper M. Gryp, Badge No. 6404 and John Doe(s) (1-5),** | Complaint and Jury Demand |
| **Defendants.** | |

Plaintiff, Christopher Van Vorst, residing at 231 Evergreen Drive, Bayville, NJ 08721, by and through undersigned counsel, by way of complaint against defendants, New Jersey State Police, New Jersey State Police Trooper M. Gryp, Badge No. 6404 and John Doe(s) (1-5) says:

**General Allegations**

1. This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. Section 1983, together with pendant state claims.

2. The court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. Sections 1331 and 1343 as an action arising under the Constitution of the United States.

3. The plaintiff is a resident of the State of New Jersey and resides at 231 Evergreen Drive, Bayville, NJ 08721.

4. Defendant, New Jersey State Police is a New Jersey entity, with its principal place of business in West Trenton, NJ 08628.

5. Upon information and belief, defendant, New Jersey State Police Trooper M. Gryp, Badge No. 6404 is a New Jersey resident working out of Troop -E.

6. At all times material hereto, defendant, John Doe(s) (1-5) were the New Jersey State Troopers responsible for the arrest and use of excessive force against the plaintiff.

7. At all times material hereto, all defendants were acting under color of state law.

8. On or about August 9, 2008, plaintiff was attending the "Judas Priest" concert at the PNC Arts Center located in Holmdel, NJ.

9. At that time and place, defendant, New Jersey State Police Trooper M. Gryp, Badge No. 6404, observed the plaintiff throw a beer can at the ground in the direction of another patron with whom it appeared the plaintiff had a problem.

10. At that time and place, the defendant, New Jersey State Police Trooper M. Gryp, Badge No. 6404, without any warning or identification, ran at the plaintiff from behind and tackled him, from behind, causing the plaintiff to fall forward and sustain a fractured wrist and significant related injuries.

## Count I – Violation of 42 U.S.C. Section 1983 against all defendants

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 as if fully set forth herein at length.

12. Defendants' actions as set forth above violated plaintiff's rights to substantive due process under the Fourteenth Amendment to the United States Constitution by subjecting him to arbitrary, capricious and unjustified governmental actions, by unreasonably and dangerously tackling him without any warning or identification while he was in defenseless position his back to the offending Trooper.

13. As a proximate result of defendants' actions, plaintiff was denied his due process rights afforded to him under the Fourth and Fourteenth Amendments of the Constitution, and suffered damage in the form of constitutional deprivation, emotional anguish and distress, physical injury culminating in significant disfigurement and other injuries.

14. Defendants inflicted cruel and unusual punishment on plaintiff, by, including but not limited to, unreasonably and dangerously taking a running start and tackling the plaintiff from behind without any warning, identification or provocation and otherwise violating the Fourth, Fourteenth and Eighth Amendment to the Constitution, which is actionable under 42 U.S.C. 1983 and affords Plaintiff remedies.

15. Defendants are liable for punitive damages under 42 U.S.C. Section 1983 because they were motivated by evil motive or intent and/or they showed a deliberate indifference, recklessness or callous indifference to the federally protected rights of plaintiff, thereby violating the United States Constitution.

16. As a direct and proximate result of defendants use of excessive force on the plaintiff, plaintiff suffered severe bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, capacity for the loss of enjoyment of life, incurred medical costs and expenses. These injuries are permanent in nature and plaintiff will continue to suffer such losses for the remainder of his life.

17. Pursuant to 42 U.S.C. Section 1988 plaintiff is entitled to recover his attorneys' fees and costs as a prevailing party.

**WHEREFORE**, plaintiff, Christopher Van Vorst, demands judgment against defendants, New Jersey State Police, New Jersey State Police Trooper M. Gryp, Badge No. 6404 and John Doe(s) (1-5) for compensatory damages, punitive damages, attorneys' fees, interest, costs and such other relief as this court deems equitable and just under the circumstances.

## Count II – Negligence against all Defendants

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 as if fully set forth herein at length.

19. On or about August 9, 2008, defendant, New Jersey State Police Trooper M. Gryp, Badge No. 6404, in the course of his employment with defendant, New Jersey State Police, negligently and without any warning or identification, ran at the plaintiff from behind and tackled him, from behind, causing the plaintiff to fall forward and sustain a fractured wrist and significant related injuries.

20. As a direct and proximate result of defendants' negligence, plaintiff suffered severe bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, capacity for the loss of enjoyment of life, incurred medical costs and expenses. These injuries are permanent in nature and plaintiff will continue to suffer such losses for the remainder of his life.

**WHEREFORE**, plaintiff, Christopher Van Vorst, demands judgment against defendants, New Jersey State Police, New Jersey State Police Trooper M. Gryp, Badge No. 6404 and John

Doe(s) (1-5) for compensatory damages, interest, costs and such other relief as this court deems equitable and just under the circumstances.

## Count III – Intentional Tort/Gross Negligence against Defendants,

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 as if fully set forth herein at length.

22. On or about August 9, 2008, defendant, New Jersey State Police Trooper M. Gryp, Badge No. 6404, in the course of his employment with defendant, New Jersey State Police, willfully and recklessly, without any warning or identification, ran at the plaintiff from behind and tackled him, from behind, causing the plaintiff to fall forward and sustain a fractured wrist and significant related injuries.

23. As a direct and proximate result of defendants' negligence, plaintiff suffered severe bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, capacity for the loss of enjoyment of life, incurred medical costs and expenses. These injuries are permanent in nature and plaintiff will continue to suffer such losses for the remainder of his life.

**WHEREFORE**, plaintiff, Christopher Van Vorst, demands judgment against defendants, New Jersey State Police, New Jersey State Police Trooper M. Gryp, Badge No. 6404 and John Doe(s) (1-5) for compensatory damages, punitive damages, interest, costs and such other relief as this court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of right.

THE RUBINSTEIN LAW FIRM, L.L.C.
Attorneys for plaintiff

By: _____
ROBERT W. RUBINSTEIN (5154)
THE RUBINSTEIN LAW FIRM, L.L.C.
10 Rutgers Place
Trenton, NJ 08618
(609) 392-7600

Dated: 8/3/10

4